Filed 7/30/25  P. v. Reyna CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>HECTOR REYNA,<br><br>  Defendant and Appellant. | B340017<br><br>(Los Angeles County<br>Super. Ct. No.<br>BA289095) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Reversed with directions.

Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

In 2006, Hector Reyna was convicted of first degree murder and sentenced to 50 years to life in prison for acts he committed when he was 15 years old. In 2024, he filed a petition under Penal Code[1] section 1170, subdivision (d)(1), which permits juvenile offenders sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing. The trial court denied the petition, reasoning that appellant's sentence was neither LWOP nor its functional equivalent. The Attorney General concedes this was error, and we agree. Accordingly, we reverse the order denying appellant's petition and remand for the trial court to consider whether appellant meets the other requirements for relief.

## FACTS AND PROCEDURAL BACKGROUND

In 2006, a jury convicted appellant of first degree murder (§ 187, subd. (a)) and found true several firearm allegations (§ 12022.53, subds. (b)–(d)) and a gang enhancement (§ 186.22, subd. (b)(1)(A)). He was sentenced to 54 years to life in prison.

This court affirmed appellant's conviction but struck the four-year gang enhancement, resulting in a modified sentence of 50 years to life. (*People v. Reyna* (Nov. 28, 2007, B193238) [nonpub. opn.].)

In 2024, appellant filed a petition for recall of his sentence under section 1170, subdivision (d)(1), and attached materials to show his rehabilitation while in prison. The People opposed his petition. The trial court held a hearing and then denied the petition, concluding that appellant's sentence of 50 years to life does not qualify him for relief under section 1170, subdivision (d).

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Section 1170, subdivision (d)(1) allows a juvenile offender who "was sentenced to imprisonment for life without the possibility of parole" and has been incarcerated for at least 15 years to "submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) Although the statute explicitly applies to those sentenced as juveniles to life without the possibility of parole (LWOP), the court in *People v. Heard* (2022) 83 Cal.App.5th 608 held that denying juvenile offenders who were sentenced to the functional equivalent of LWOP the opportunity to seek the same relief violates the equal protection clause. (*Id.* at pp. 612, 633–634; accord, *People v. Sorto* (2024) 104 Cal.App.5th 435, 440.)

Our Supreme Court has held that "50 years to life is functionally equivalent to LWOP." (*People v. Contreras* (2018) 4 Cal.5th 349, 369; cf. *People v. Munoz* (2025) 110 Cal.App.5th 499, 510–512 [distinguishing *Contreras* because it arose in the context of a challenge under the Eighth Amendment, not the equal protection clause], review granted June 25, 2025, S290828.) The Attorney General concedes, and we agree, that appellant's sentence is the functional equivalent of LWOP. (*People v. Cabrera* (2025) 111 Cal.App.5th 650.) Appellant is thus entitled to seek relief under section 1170, subdivision (d)(1).

3

**DISPOSITION**

The order denying appellant's petition is reversed. This matter is remanded for the trial court to consider whether appellant meets the other requirements for relief under Penal Code section 1170, subdivision (d), and, if so, to resentence appellant accordingly. We express no view on the outcome of that proceeding.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



CHAVEZ, J.



GOORVITCH, J.*

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4